E-FILED
Thursday, 15 July, 2010  02:13:04 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

ANTONIO WALTON,         )
         )
   Petitioner,      )
         )
      v.        )     Case No. 09-cv-1285
         )
DENNY SMITH,         )
         )
   Respondent.     )

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus filed by Petitioner, Antonio Walton, on August 19, 2009 (Doc. 1). The Petition is DENIED.

On September 17, 2003, Petitioner pled guilty to possession with the intent to distribute marijuana and possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 841(A) and 18 U.S.C. § 922(g), respectively, and was sentenced to a term of 60 months and 100 months to be served concurrently. On March 13, 2009, the Bureau of Prisons (BOP) determined that Petitioner was eligible to spend the last six months of his sentence in a Residential Re-entry Center (RRC). Petitioner asserts, however, that he is entitled to spend the last twelve months of his sentence in the RRC pursuant to the Second Chance Act of 2008. Pub. L. No. 110-199, 122 Stat. 657. The Act extended the time period, to twelve months, in which a prisoner may be incarcerated "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Petitioner exhausted his administrative

remedies and argues before this Court that he has been denied Due Process and Equal Protection by the BOP's failure to place him in the RRC for the last twelve months of his sentence.

According to the inmate data sheets submitted by Respondent, Petitioner's projected release date is July 23, 2010. He was placed in the RRC on January 23, 2010. It appears, then, that this Court cannot grant the relief requested by Petitioner – that is, the matter is moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (stating that "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable juridical decision" (quotation marks and citation omitted)).

In any event, Petitioner would not be entitled to relief. The Act does not mandate that Petitioner be placed in an RRC for any period of time. Rather, the Act only requires that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term of incarceration under such conditions as would facilitate re-entry into the community. 18 U.S.C. § 3624(c)(1). The Act further outlines that the BOP shall make a determination on an individual basis, that the length of time designated be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community" and that the BOP shall ensure that placement is conducted in a manner consistent with § 3621(b). *Id.* at § 3624(c)(6). Section 3621(b) provides that the BOP will consider various factors in placing inmates including:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence . . . [and]

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id*. Petitioner has not indicated in what manner the BOP failed to follow the statute. There is no argument that consideration of his placement in an RRC was not made on an individual basis or that the BOP failed to consider the five factors listed above. Therefore, this Petition is without merit.

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED.

CASE TERMINATED.

Entered this <u>15th</u> day of July, 2010

                              s/ Joe B. McDade
                    JOE BILLY MCDADE
                    United States Senior District Judge